FILED US District Court-UT
OCT 05 '22 PM03:09

TRINA A. HIGGINS, United States Attorney (#7349)
ADAM S. ELGGREN, Assistant United States Attorney (#11064)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

**SEALED**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | INDICTMENT |
|---|---|
| Plaintiff, | Count 1: 18 U.S.C. § 1343, Wire Fraud |
| vs. | Counts 2-8: 18 U.S.C. § 1344, Bank Fraud |
| DESTINY RENEE BERRY, | Count 9: 18 U.S.C. § 1028A(a)(1), Aggravated Identity Theft |
| Defendant. | |
| | Case: 2:22-cr-00370
Assigned To : Parrish, Jill N.
Assign. Date : 10/5/2022 |

The Grand Jury charges:

A.  **BACKGROUND**

At all times relevant to this Indictment:

1. DESTINY RENEE BERRY was a resident of Utah, living principally in Salt Lake County.

2. Mountain America Credit Union ("MACU") was a financial institution as defined by 18 U.S.C. § 20 and insured by the National Credit Union Association. MACU was headquartered in Sandy, Utah, with branch offices throughout Salt Lake County.

3. A.R. was a resident of Utah whose full name is known to the Grand Jury.

B. THE SCHEME TO DEFRAUD

4. Beginning on or about February 15, 2022, and continuing until on or about February 26, 2022, in the District of Utah, Defendant DESTINY RENEE BERRY, knowingly and with intent to defraud, devised and executed a scheme and artifice to obtain monies, funds, credits, assets and other property owned by and in the custody and control of MACU by means of materially false and fraudulent pretenses, representations and promises, and the concealment of material facts.

5. The fraudulent scheme operated and was carried out, in substance, as follows:

a. Defendant Berry submitted, and caused to be submitted, an application for a customer account at MACU in the name of A.R., whose personal identifying information BERRY had obtained. Although there were problems with transmission of the supporting documents to the application, the loan application was false and fraudulent in that it contained material false statements and BERRY attempted to use the stolen personal information of A.R. to support it.

b. Defendant Berry then entered a branch location of MACU in Salt Lake County and spoke with a representative in person. She fraudulently used the personal information of A.R. to establish a customer account in the

    name of A.R. BERRY was then given VISA credit and debit cards associated with the account.

  c. Defendant BERRY deposited several checks into the fraudulent customer account in the name of A.R.

  d. Defendant BERRY personally profited from the scheme by withdrawing money from the fraudulent account and making purchases using the VISA cards issued to her in the name of A.R.

C. <u>EXECUTION OF THE SCHEME – USE OF WIRES</u>

**COUNT 1**
**18 U.S.C. § 1343**
**(Wire Fraud)**

6. Paragraphs 1-5 are incorporated herein by reference.

7. On or about February 15, 2022, in the District of Utah, Defendant

DESTINY RENEE BERRY,

for the purpose of executing and attempting to execute the above-described scheme to defraud, attempted to transmit and caused to be transmitted by means of wire communication in interstate commerce, signals and sounds, to wit: an application submitted via the Internet for a customer account at MACU in the name of A.R., using the personal information of A.R. which BERRY possessed without lawful authorization, and containing numerous material false statements; all in violation of 18 U.S.C. § 1343, Wire Fraud.

//

//

D.     <u>EXECUTION OF THE SCHEME – USE OF CHECKS</u>

## COUNTS 2-8
## 18 U.S.C. § 1344
## (Bank Fraud)

8. Paragraphs 1-5 are incorporated herein by reference.

9. On or about the dates listed below, in the District of Utah, Defendant

**DESTINY RENEE BERRY,**

did knowingly execute and attempt to execute the above-described scheme and artifice to obtain moneys, funds, credits, assets or other property owned by, or under the custody and control of, MACU, a federally insured financial institution, by means of false and fraudulent pretenses, representations, and promises as described below (all initials represent people whose full names are known to the Grand Jury):

| COUNT | DATE | MANNER OF FRAUD | AMOUNT |
|---|---|---|---|
| 2 | 2/16/2022 | Check no. 2788 drawn on Wells Fargo Bank account of A. and J.W. remote deposited into fraudulent MACU account in name of A.R. | $3,250 |
| 3 | 2/17/2022 | Check no. 331 drawn on CapitalOne Bank account of K.P. remote deposited into fraudulent MACU account in name of A.R. | $300 |
| 4 | 2/20/2022 | Check no. 99 drawn on Key Bank account of P.L. deposited via ATM into fraudulent MACU account in name of A.R. | $250 |
| 5 | 2/21/2022 | Check no. 334 drawn on CapitalOne Bank account of K.P. remote deposited into fraudulent MACU account in name of A.R. | $250 |
| 6 | 2/21/2022 | Check no. 1389 drawn on Zions Bank account of W.B. remote | $250 |

4

| | | | |
|---|---|---|---|
| | | deposited into fraudulent MACU account in name of A.R. | |
| 7 | 2/22/2022 | Check no. 303475 drawn on Cyprus Credit Union account of S.M. remote deposited into fraudulent MACU account in name of A.R. | $1,290.74 |
| 8 | 2/26/2022 | Check no. 219 drawn on Utah Associations Credit Union account of H. and R. P̶̶̶ remote deposited into fraudulent MACU account in name of A.R. | $300 |

all in violation of 18 U.S.C. § 1344.

## COUNT 9
## 18 U.S.C. § 1028A(a)(1)
## (Aggravated Identity Theft)

10. Paragraphs 1-9 are incorporated herein by reference.

11. From on or about February 15, 2022, to on or about February 26, 2022, in the District of Utah, Defendant

DESTINY RENEE BERRY,

did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, to wit: the name and other identifiers of A.R.; during and in relation to felony violations enumerated in 18 U.S.C. § 1028A(c), to wit: Wire Fraud and Bank Fraud as described above in Counts 1-8, which counts are incorporated herein by reference, knowing that the means of identification belonged to another actual person; all in violation of 18 U.S.C. § 1028A(a)(1), Aggravated Identity Theft.

//

//

A TRUE BILL:

/s/
_____
FOREPERSON OF THE GRAND JURY

TRINA A. HIGGINS
United States Attorney

_____
ADAM ELGGREN
Assistant United States Attorney